PKC:MER
F.#2004R00374

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
NOV 16 2004
★ BROOKLYN OFFICE ★
Mag. folder included. 04 M 82

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

JOSUE FLORES CARRETO,
GERARDO FLORES CARRETO,
DANIEL PEREZ ALONSO,
ELIU CARRETO FERNANDEZ,
CONSUELO CARRETO VALENCIA and
MARIA DE LOS ANGELES
VELASQUEZ REYES,

Defendants.

- - - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 04-140(S-1)(FB)
(T. 8, U.S.C., §§ 1324(a)(1)(A)(i), 1324(a)(1)(B)(i), 1324(a)(2)(B)(ii) and 1328; T. 18, U.S.C., §§ 371, 1589(1), 1589(2), 1591(a)(1), 1591(a)(2), 1594(a), 2421, 2 and 3551 et seq.)

THE GRAND JURY CHARGES:

Introduction

At all times relevant to this Superseding Indictment:

1. Defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES were citizens of Mexico.

2. The defendants were involved in a conspiracy, the object of which was to bring young Mexican women into the United States to engage in prostitution in New York City and elsewhere.

3. As part of the conspiracy, the defendants and their co-conspirators:

a. Smuggled young Mexican women into the United States illegally and arranged for them to be smuggled into the United States illegally;

b. Transported the young Mexican women to New York City and harbored them in various residences in the area, including but not limited to two apartments, one located at 37-71 104th Street in Queens, New York and the other located at 104-56 41st Avenue in Queens;

c. Compelled the young Mexican women through physical violence, sexual assault, threats of harm, deception, false promises and coercion to engage in prostitution at various brothels in New York City and elsewhere;

d. Required the young Mexican women to turn over proceeds they received from engaging in prostitution to the defendants and their co-conspirators; and

e. Transmitted these proceeds to the defendants and their co-conspirators in Mexico via wire transfers and other means.

4. Jane Does 1-9, whose identities are known to the grand jury, were victims of the conspiracy and the defendants' criminal conduct. They and other unnamed victims of the conspiracy and the defendants' criminal conduct (collectively,

"young Mexican women") were Mexican citizens.

COUNT ONE
(Conspiracy to Engage in Sex Trafficking)

5. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

6. In or about and between January 1991 and November 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide and obtain by any means persons, to wit, young Mexican women, in and affecting interstate and foreign commerce, and to benefit financially and by receiving a thing of value from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause such persons to engage in commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

7. In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES,

together with others, committed and caused to be committed, among others, the following:

OVERT ACTS

a. In or about and between April 2003 and May 2003, the defendants JOSUE FLORES CARRETO and co-conspirators smuggled Jane Doe 1 into the United States from Mexico and brought her to Queens, New York.

b. In or about and between April 2003 and January 2004, the defendant JOSUE FLORES CARRETO physically assaulted Jane Doe 1 on one or more occasions in Queens, New York.

c. In or about and between June 2003 and July 2003, the defendant GERARDO FLORES CARRETO and co-conspirators smuggled Jane Doe 2 into the United States from Mexico and brought her to Queens, New York.

d. In or about and between May 2003 and June 2003, the defendant DANIEL PEREZ ALONSO and co-conspirators smuggled Jane Doe 3 into the United States from Mexico and brought her to Queens, New York.

e. In or about and between June 2003 and January 2004, the defendant DANIEL PEREZ ALONSO physically assaulted Jane Doe 3 on one or more occasions in Queens, New York.

f. In or about and between April 2003 and May 2003, the defendant MARIA DE LOS ANGELES VELASQUEZ REYES and co-

conspirators smuggled Jane Doe 4 into the United States from Mexico and brought her to Queens, New York.

g. In or about and between April 1998 and May 1999, the defendant GERARDO FLORES CARRETO physically assaulted Jane Doe 5 on one or more occasions in Queens, New York.

h. In or about and between April 1998 and May 1999, the defendant GERARDO FLORES CARRETO physically assaulted Jane Doe 6 on one or more occasions in Queens, New York.

i. In or about and between January 2000 and December 2003, the defendant GERARDO FLORES CARRETO and co-conspirators smuggled Jane Doe 7 into the United States from Mexico and brought her to Queens, New York.

j. In or about 1999, JOSUE FLORES CARRETO and co-conspirators obtained money from Jane Doe 8.

k. In or about and between December 2003 and January 2004, the defendant DANIEL PEREZ ALONSO asked Doe 9 to engage in prostitution.

(Title 18, United States Code, Sections 371 and 3551 <u>et seq</u>.)

<u>COUNT TWO</u>
(Sex Trafficking - Jane Doe 1)

8. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

9. In or about and between June 1998 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit, Jane Doe 1, in and affecting interstate and foreign commerce, and did benefit financially and by receiving a thing of value from participation in a venture engaged in such acts, knowing that force, fraud and coercion would be used to cause such person to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 2 and 3551 et seq.)

COUNT THREE
(Sex Trafficking - Jane Doe 2)

10. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between January 2001 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS

ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit, Jane Doe 2, in and affecting interstate and foreign commerce, and did benefit financially and by receiving a thing of value from participation in a venture engaged in such acts, knowing that force, fraud and coercion would be used to cause such person to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 2 and 3551 et seq.)

COUNT FOUR
(Sex Trafficking - Jane Doe 3)

12. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between January 2002 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit, Jane Doe 3, in and affecting interstate and foreign commerce, and did benefit financially and by receiving a thing of value from participation

in a venture engaged in such acts, knowing that force, fraud and coercion would be used to cause such person to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 2 and 3551 et seq.)

COUNT FIVE
(Sex Trafficking - Jane Doe 4)

14. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between January 1996 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit, Jane Doe 4, in and affecting interstate and foreign commerce, and did benefit financially and by receiving a thing of value from participation in a venture engaged in such acts, knowing that force, fraud and coercion would be used to cause such person to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 2 and 3551 et seq.)

COUNT SIX
(Attempted Sex Trafficking - Jane Doe 9)

16. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

17. In or about and between September 2003 and November 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally attempt to recruit, entice, harbor, transport, provide and obtain by any means a person, to wit, Jane Doe 9, in and affecting interstate and foreign commerce, and to benefit financially and by receiving a thing of value from participation in a venture engaged in such acts, knowing that force, fraud and coercion would be used to cause such person to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(a), 2 and 3551 et seq.)

COUNT SEVEN
(Forced Labor - Jane Doe 1)

18. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this

paragraph.

19. In or about and between June 1998 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally obtain the labor and services of a person, to wit, Jane Doe 1, by means of threats of serious harm to, and physical restraint against, such person and other persons, and by means of a scheme, plan, and pattern intended to cause such person to believe that if she did not perform such labor and services, she and other persons would suffer serious harm and physical restraint.

(Title 18, United States Code, Sections 1589(1), 1589(2), 2 and 3551 et seq.)

COUNT EIGHT
(Forced Labor - Jane Doe 2)

20. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

21. In or about and between January 2001 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU

CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally obtain the labor and services of a person, to wit, Jane Doe 2, by means of threats of serious harm to, and physical restraint against, such person and another person, and by means of a scheme, plan, and pattern intended to cause such person to believe that if she did not perform such labor and services, she and other persons would suffer serious harm and physical restraint.

(Title 18, United States Code, Sections 1589(1), 1589(2), 2 and 3551 et seq.)

COUNT NINE
(Forced Labor - Jane Doe 3)

22. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

23. In or about and between January 2002 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally obtain the labor and services of a person, to wit, Jane Doe 3, by means of threats of serious harm to, and physical restraint against, such person and another person, and by means

of a scheme, plan, and pattern intended to cause such person to believe that if she did not perform such labor and services, she and other persons would suffer serious harm and physical restraint.

(Title 18, United States Code, Sections 1589(1), 1589(2), 2 and 3551 <u>et seq</u>.)

COUNT TEN
(Forced Labor - Jane Doe 4)

24. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

25. In or about and between January 1996 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally obtain the labor and services of a person, to wit, Jane Doe 4, by means of threats of serious harm to, and physical restraint against, such person and another person, and by means of a scheme, plan, and pattern intended to cause such person to believe that if she did not perform such labor and services, she and other persons would suffer serious harm and physical restraint.

(Title 18, United States Code, Sections 1589(1), 1589(2), 2 and 3551 et seq.)

COUNT ELEVEN
(Mann Act Violation - Jane Doe 1)

26. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

27. In or about and between January 2003 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally transport an individual, to wit, Jane Doe 1, in interstate and foreign commerce with intent that such individual engage in prostitution.

(Title 18, United States Code, Sections 2421, 2 and 3551 et seq.)

COUNT TWELVE
(Mann Act Violation - Jane Doe 2)

28. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

29. In or about and between January 2003 and January 2004, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally transport an individual, to wit, Jane Doe 2, in interstate and foreign commerce with intent that such individual engage in prostitution.

(Title 18, United States Code, Sections 2421, 2 and 3551 et seq.)

COUNT THIRTEEN
(Mann Act Violation - Jane Doe 3)

30. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

31. In or about and between January 2003 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally transport an individual, to wit, Jane Doe 3, in interstate and foreign commerce with intent that such individiaul engage in prostitution.

(Title 18, United States Code, Sections 2421, 2 and 3551 et seq.)

COUNT FOURTEEN
(Mann Act Violation - Jane Doe 4)

32. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

33. In or about and between January 1999 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally transport an individual, to wit, Jane Doe 4, in interstate and foreign commerce with intent that such individual engage in prostitution.

(Title 18, United States Code, Sections 2421, 2 and 3551 et seq.)

COUNT FIFTEEN
(Conspiracy to Import Aliens for Immoral Purposes)

34. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

35. In or about and between January 1991 and November 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU

CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally conspire to import into the United States aliens, to wit: Jane Does 1-8, for the purpose of prostitution and other immoral purposes, and to maintain, control, support, employ and harbor such aliens in houses and other places, to wit, apartments in Queens, New York, for the purpose of prostitution and other immoral purposes, in pursuance of such illegal importation, in violation of Title 8, United States Code, Section 1328.

36. In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, committed and caused to be committed, among others, the following:

OVERT ACTS

a. In or about and between April 2003 and May 2003, the defendant JOSUE FLORES CARRETO and co-conspirators arranged for Jane Doe 1 to be smuggled into the United States from Mexico.

b. In or about and between June 2003 and July 2003, the defendant GERARDO FLORES CARRETO and co-conspirators arranged for Jane Doe 2 to be smuggled into the United States

from Mexico.

c. In or about and between June 2003 and July 2003, the defendant DANIEL PEREZ ALONSO and co-conspirators arranged for Jane Doe 3 to be smuggled into the United States from Mexico.

d. In or about and between April 2003 and May 2003, the defendant MARIA DE LOS ANGELES VELASQUEZ REYES and co-conspirators arranged for Jane Doe 4 to be smuggled into the United States from Mexico.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT SIXTEEN
(Importation of an Alien for Immoral Purposes - Jane Doe 1)

37. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

38. In or about and between January 2003 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally import and attempt to import an alien, to wit, Jane Doe 1, into the United States for the purpose of prostitution and other immoral purposes, and maintain, control, support, employ

and harbor such alien in a house and other place, to wit, an apartment in Queens, New York, for the purpose of prostitution and other immoral purposes, in pursuance of such illegal importation.

(Title 8, United States Code, Section 1328; Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT SEVENTEEN
(Importation of an Alien for Immoral Purposes - Jane Doe 2)

39. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

40. In or about and between January 2003 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally import and attempt to import an alien, to wit, Jane Doe 2, into the United States for the purpose of prostitution and other immoral purposes, and maintain, control, support, employ and harbor such alien in a house and other place, to wit, an apartment in Queens, New York, for the purpose of prostitution and other immoral purposes, in pursuance of such illegal importation.

(Title 8, United States Code, Section 1328; Title 18,

United States Code, Sections 2 and 3551 _et seq_.)

COUNT EIGHTEEN
(Importation of an Alien for Immoral Purposes - Jane Doe 3)

41. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

42. In or about and between January 2003 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally import and attempt to import an alien, to wit, Jane Doe 3, into the United States for the purpose of prostitution and other immoral purposes, and maintain, control, support, employ and harbor such alien in a house and other place, to wit, an apartment in Queens, New York, for the purpose of prostitution and other immoral purposes, in pursuance of such illegal importation.

(Title 8, United States Code, Section 1328; Title 18, United States Code, Sections 2 and 3551 _et seq_.)

COUNT NINETEEN
(Importation of an Alien for Immoral Purposes - Jane Doe 4)

43. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this

paragraph.

44. In or about and between January 1999 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, did knowingly and intentionally import and attempt to import an alien, to wit, Jane Doe 4, into the United States for the purpose of prostitution and other immoral purposes, and maintain, control, support, employ and harbor such alien in a house and other place, to wit, an apartment in Queens, New York, for the purpose of prostitution and other immoral purposes, in pursuance of such illegal importation.

(Title 8, United States Code, Section 1328; Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWENTY
(Alien Smuggling - Jane Doe 1)

45. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

46. In or about and between January 2003 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU

CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, knowing that a person, to wit, Jane Doe 1, was an alien, did knowingly and intentionally bring and attempt to bring to the United States such person at a place other than a designated port of entry.

(Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1324(a)(1)(B)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWENTY-ONE
(Alien Smuggling - Jane Doe 2)

47. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

48. In or about and between January 2003 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, knowing that a person, to wit, Jane Doe 2, was an alien, did knowingly and intentionally bring and attempt to bring to the United States such person at a place other than a designated port of entry.

(Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1324(a)(1)(B)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWENTY-TWO
(Alien Smuggling - Jane Doe 3)

49. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

50. In or about and between January 2003 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, knowing that a person, to wit, Jane Doe 3, was an alien, did knowingly and intentionally bring and attempt to bring to the United States such person at a place other than a designated port of entry.

(Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1324(a)(1)(B)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWENTY-THREE
(Alien Smuggling - Jane Doe 4)

51. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

52. In or about and between January 1999 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE

FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, knowing that a person, to wit, Jane Doe 4, was an alien, did knowingly and intentionally bring and attempt to bring to the United States such person at a place other than a designated port of entry.

(Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1324(a)(1)(B)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWENTY-FOUR
(Alien Smuggling for Commercial Advantage or Financial Gain - Jane Doe 1)

53. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

54. In or about and between January 2003 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, knowing and in reckless disregard of the fact that an alien, to wit, Jane Doe 1, had not received prior official authorization to come to, enter, and reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States such alien, and

did so for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWENTY-FIVE
(Alien Smuggling for Commercial Advantage or Financial Gain - Jane Doe 2)

55. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

56. In or about and between January 2003 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, knowing and in reckless disregard of the fact that an alien, to wit, Jane Doe 2, had not received prior official authorization to come to, enter, and reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States such alien, and did so for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWENTY-SIX
(Alien Smuggling for Commercial Advantage or Financial Gain - Jane Doe 3)

57. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

58. In or about and between January 2003 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, knowing and in reckless disregard of the fact that an alien, to wit, Jane Doe 3, had not received prior official authorization to come to, enter, and reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States such alien, and did so for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWENTY-SEVEN
(Alien Smuggling for Commercial Advantage or Financial Gain - Jane Doe 4)

59. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

60. In or about and between January 1999 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSUE FLORES CARRETO, GERARDO FLORES CARRETO, DANIEL PEREZ ALONSO, ELIU CARRETO FERNANDEZ, CONSUELO CARRETO VALENCIA and MARIA DE LOS ANGELES VELASQUEZ REYES, together with others, knowing and in reckless disregard of the fact that an alien, to wit, Jane Doe 4, had not received prior official authorization to come to, enter, and reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States such alien, and did so for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

ADDITIONAL ALLEGATIONS AS TO COUNTS ONE, TWO, FOUR, FIVE, ELEVEN, THIRTEEN THROUGH SIXTEEN, EIGHTEEN AND NINETEEN

61. The allegations set forth in Counts One, Two, Four, Five, Eleven, Thirteen through Sixteen, Eighteen and Nineteen are hereby realleged and incorporated as if fully set

forth in this paragraph, and the additional allegations below are incorporated by reference into Counts One, Two, Four, Five, Eleven, Thirteen through Sixteen, Eighteen and Nineteen.

62. Based on (a) acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, and willfully caused by the defendants, and (b) all reasonably foreseeable acts and omissions of others in furtherance of a criminal plan, scheme, endeavor, and enterprise undertaken by the defendants in concert with others; all of which occurred during the commission of the offense of conviction, in preparation for that offense, and in the course of attempting to avoid detection and responsibility for that offense, the following conduct occurred (U.S.S.G. § 1B1.3(a)(1)):

a. The offenses involved criminal sexual abuse, attempted criminal sexual abuse, and assault to commit criminal sexual abuse (U.S.S.G. §§ 2G1.1(c)(2); 2A3.1(a)).

b. The offenses involved criminal sexual abuse, attempted criminal sexual abuse, and assault to commit criminal sexual abuse and were committed knowingly by force and threat of force (U.S.S.G. §§ 2G1.1(c)(2); 2A3.1(b)(1)).

c. The offenses involved a minor (U.S.S.G. § 2G1.1(a)(1)).

d. The offenses involved a commercial sex act and the use of physical force, fraud, and coercion (U.S.S.G.

§ 2G1.1(b)(1)).

e. With respect to the offenses, the defendant was not a parent, relative and legal guardian of the victim of the offense, nor was the victim otherwise in the custody, care and supervisory control of the defendant, and the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, and facilitate the travel of the victim, who was a minor, to engage in a commercial sex act (U.S.S.G. § 2G1.1(b)(4)(A)).

f. With respect to the offenses, the defendant was not a parent, relative and legal guardian of the victim of the offense, nor was the victim otherwise in the custody, care and supervisory control of the defendant, and a participant in the offense unduly influenced the victim, who was a minor, to engage in a commercial sex act (U.S.S.G. § 2G1.1(b)(4)(B)).

63. The defendants knew and should have known that a victim of the offense was a vulnerable victim (U.S.S.G. § 3A1.1(b)(1)).

64. The offenses in Counts One, Two, Four, Eleven, Thirteen, Fifteen, Sixteen and Eighteen involved a victim of the offense being physically restrained in the course of the offense (U.S.S.G. § 3A1.3).

65. Defendant JOSUE FLORES CARRETO was an organizer and leader of a criminal activity that involved five or more

participants and was otherwise extensive (U.S.S.G. § 3B1.1(a)).

66. Defendant GERARDO FLORES CARRETO was an organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(a)).

67. Defendant DANIEL PEREZ ALONSO was a manager and supervisor of a criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(b)).

68. Defendant MARIA DE LOS ANGELES VELASQUEZ REYES was a manager and supervisor of a criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(b)).

69. Defendant CONSUELO CARRETO VALENCIA was an organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(a)).

ADDITIONAL ALLEGATIONS AS TO COUNTS THREE, SIX, TWELVE AND SEVENTEEN

70. The allegations set forth in Counts Three, Six, Twelve and Seventeen are hereby realleged and incorporated as if fully set forth in this paragraph, and the additional allegations below are incorporated by reference into Counts Three, Six, Twelve and Seventeen.

71. Based on (a) acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, and willfully caused by the defendants, and (b) all reasonably foreseeable acts

and omissions of others in furtherance of a criminal plan, scheme, endeavor, and enterprise undertaken by the defendants in concert with others; all of which occurred during the commission of the offense of conviction, in preparation for that offense, and in the course of attempting to avoid detection and responsibility for that offense, the following conduct occurred (U.S.S.G. § 1B1.3(a)(1)):

a. The offenses charged involved a commercial sex act and the use of physical force, fraud, and coercion (U.S.S.G. § 2G1.1(b)(1)).

72. The defendants knew and should have known that a victim of the offense was a vulnerable victim (U.S.S.G. § 3A1.1(b)(1)).

73. Defendant JOSUE FLORES CARRETO was an organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(a)).

74. Defendant GERARDO FLORES CARRETO was an organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(a)).

75. Defendant DANIEL PEREZ ALONSO was a manager and supervisor of a criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(b)).

76. Defendant MARIA DE LOS ANGELES VELASQUEZ REYES was a manager and supervisor of a criminal activity that involved

five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(b)).

77. Defendant CONSUELO CARRETO VALENCIA was an organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(a)).

ADDITIONAL ALLEGATIONS AS TO COUNTS SEVEN THROUGH TEN

78. The allegations set forth in Counts Seven through Ten are hereby realleged and incorporated as if fully set forth in this paragraph, and the additional allegations below are incorporated by reference into Counts Seven through Ten.

79. Based on (a) acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, and willfully caused by the defendants, and (b) all reasonably foreseeable acts and omissions of others in furtherance of a criminal plan, scheme, endeavor, and enterprise undertaken by the defendants in concert with others; all of which occurred during the commission of the offense of conviction, in preparation for that offense, and in the course of attempting to avoid detection and responsibility for that offense, the following conduct occurred (U.S.S.G. § 1B1.3(a)(1)):

a. The offenses involved victims who were held in a condition of peonage and involuntary servitude for more than one year (U.S.S.G. § 2H4.1(b)(3)(A)).

b. The offenses in Counts Seven, Nine and Ten involved a victim who sustained serious bodily injury (U.S.S.G. § 2H4.1(b)(1)(B)).

c. The offenses involved the commission of another felony offense during the commission of, and in connection with, the commission of these offenses (U.S.S.G. §§ 2H4.1(b)(4)(A); 2H4.1(b)(4)(B)).

80. The defendants knew and should have known that a victim of the offense was a vulnerable victim (U.S.S.G. § 3A1.1(b)(1)).

81. The offenses in Counts Seven and Nine involved a victim of the offense being physically restrained in the course of the offense (U.S.S.G. § 3A1.3).

82. Defendant JOSUE FLORES CARRETO was an organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(a)).

83. Defendant GERARDO FLORES CARRETO was an organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(a)).

84. Defendant DANIEL PEREZ ALONSO was a manager and supervisor of a criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(b)).

85. Defendant MARIA DE LOS ANGELES VELASQUEZ REYES was a manager and supervisor of a criminal activity that involved

five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(b)).

86. Defendant CONSUELO CARRETO VALENCIA was an organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(a)).

A TRUE BILL

FOREPERSON

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
NOV 16 2004
★ BROOKLYN OFFICE ★

**INFORMATION SHEET**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1. Title of Case: United States v. Carreto, et al.

2. Related Magistrate Docket Number(s) 04-M-0082; 04-M-0389

   None ( )

3. Arrest Date(s): 02/09/04; 04/06/04

4. Nature of offense(s): X Felony
   ☐ Misdemeanor

5. Related Civil or Criminal Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules):
   United States v. Carreto, et al., 04-CR-140 (FB), (Pollak)
   United States v. Eloy Carreto Reyes, 04-CR-439 (FB), (Pollak)

6. Projected Length of Trial: Less than 6 weeks (X)
   More than 6 weeks ( )

7. County in which crime was allegedly committed: Queens and Kings
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment been ordered sealed? ( ) Yes (X) No

9. Have arrest warrants been ordered? (X) Yes ( ) No

10. Is a capital count included in the indictment? ( ) Yes (X) No

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

By: [signature]
Monica E. Ryan
Assistant U.S. Attorney
(718) 254-6470

Rev. 10/01/03