

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

F.# 2004R00374

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 13, 2009

**Via ECF**

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Consuelo Carreto Valencia
           Criminal Docket No. 04-140 (S-1) (FB)

Dear Judge Block:

      The government respectfully submits this letter in connection with the sentencing of defendant Consuelo Carreto Valencia, scheduled for Tuesday, November 17, 2009 at 3:00 p.m. The government intends to present evidence at a hearing to establish that the defendant should receive a three-level enhancement for her role as a manager or supervisor of the Carreto Family sex trafficking ring. The government intends to call several witnesses, including a cooperating witness, victims of the conspiracy and an investigating law enforcement agent. The testimony of each witness will be focused on and limited to the defendant's role in the criminal activity.

      The government incorporates herein its Sentencing Memorandum filed in anticipation of the sentencing hearing previously scheduled for October 30, 2009. As noted in that memorandum, the defendant does not contest the factual findings in the Presentence Investigation Report ("PSR"), and the only issue in dispute is the applicability of the role enhancement. At the November 17 hearing, the government intends to establish that the defendant's role in supervising other members of the conspiracy, managing assets of the organization, and receiving substantial proceeds of the criminal conspiracy warrant imposition of the role enhancement.

I.  Background and Applicable Law

	The three-level role enhancement was included in the government's Guidelines estimate in the plea agreement as well as the Probation Department's calculation of the defendant's applicable Guidelines range in the PSR.  The role enhancement is clearly applicable to this defendant based on: (1) the defendant's role in supervising other members of the conspiracy, (2) the defendant's role in managing the assets of the organization and (3) the defendant's receipt of the most significant share of the proceeds of the conspiracy.

	Section 3B1.1(b) of the Guidelines instructs that a defendant's offense level be increased by three levels "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive."  U.S.S.G. § 3B1.1(b).

	The application notes to Section 3B1.1 define a "participant" as "a person who is criminally responsible for the commission of the offense, but need not have been convicted," Application Note 1, and advise that to qualify for this role adjustment, "the defendant must have been the . . . manager or supervisor of one or more other participants."  Application Note 2 (emphasis added). Thus, the defendant need only manage or supervise any one of the other participants to qualify for this enhancement.

	It is clear that the criminal activity in this case involved five or more participants.  First, the defendant was charged in the same indictment along with five co-conspirators. Also, two additional defendants, Eloy Carreto Reyes and Edith Mosquera de Flores, pled guilty to sex trafficking and sex trafficking conspiracy, respectively, in connection with the scheme.  Moreover, it is also clear from the PSR that the organization involved numerous smugglers, brothel owners, and other associates.  The defendant does not contest the PSR's factual findings which are replete with references to the roles of at least five participants in carrying out the offense; these participants include, among others, Josue Carreto Flores, Gerardo Carreto Flores, Daniel Perez Alonso, Maria de los Angeles Velasquez Reyes, Eloy Carreto Reyes, and Eliu Carreto Fernandez, in addition to the defendant herself.  Thus, the role enhancement properly applies if the defendant managed or supervised any one or more of these participants.

The defendant also received a larger share of the criminal proceeds, and exerted management responsibility "over the property, assets, [and] activities of [the] criminal organization," which the Guidelines recognize as additional relevant factors in applying role enhancements under § 3B1.1. See Application Notes 2, 4.

The Guidelines are also clear that "[t]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." Application Note 4. Thus, the government need not establish that the defendant was the exclusive or primary supervisor; only that she exercised some supervisory or managerial role over at least one other participant. The government will present clear evidence that she did so, and that she also exerted management responsibility over the assets, activities, and profits of the enterprise. The role enhancement is, therefore, clearly applicable.

## II. Evidence

At the hearing, the government will present evidence, both documentary and testimonial, which is expected to establish by a preponderance of the evidence that:

(A) The defendant supervised at least three co-conspirators during the charged conspiracy, namely, Eliu Carreto Fernandez, Eloy Carreto Reyes, and Maria de los Angeles Reyes Velasquez Reyes, also known as "Rocio";

(B) The defendant's supervision included directing these participants to carry out, or to assist her in carrying out, essential functions of the sex trafficking conspiracy, including:

- deploying and transporting the victims for prostitution in Mexico;
- harboring the victims in the defendant's home;
- maintaining physical custody of the victims' children to exert continued control over the victims;
- arranging for the smuggling of the women into the United States; and
- collecting the substantial proceeds of the forced prostitution activity.

The government respectfully submits that this evidence warrants the application of a three-level enhancement for the defendant's role as a manager or supervisor in the Carreto family sex trafficking ring, as contemplated in the Guidelines calculations set forth in the plea agreement and the PSR.

                                      Respectfully submitted,

                                      BENTON J. CAMPBELL
                                      United States Attorney

                     By:      /s/
                          Monica E. Ryan
                          Assistant U.S. Attorney
                          (718) 254-6470

cc:   John Wallenstein, Esq. (Via ECF)